```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
```

RALPH SPERO,

                                Plaintiff,           20-CV-07243 (VF)

-against-           **ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

```
------------------------------------------------------------------X
```

**VALERIE FIGUEREDO, United States Magistrate Judge**

      Plaintiff Ralph Spero brings this motion for approval of attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons explained below, Plaintiff's motion is **GRANTED**.

## BACKGROUND

      On October 5, 2017, Plaintiff filed applications for Supplemental Security Income benefits and Disability Insurance benefits under the Social Security Act. See ECF No. 1 (Compl.) at 2. Plaintiff's applications were denied both initially and following a hearing before an Administrative Law Judge ("ALJ"). Id. Plaintiff requested review by the Appeals Council, which affirmed the ALJ's decision on July 7, 2020. Id. at 3; ECF No. 1-1. On September 4, 2020, Plaintiff filed a Complaint in this Court seeking review of the Social Security Administration Commissioner's (the "Commissioner") decision pursuant to Section 205(g) and Section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and § 1383(c)(3). Compl. at 1.

      On March 10, 2021, the Honorable Debra Freeman approved the parties stipulation to remand the matter to the Commissioner pursuant to § 405(g) for the purpose of conducting further proceedings. See ECF Nos. 20-22. On March 23, 2021, the parties stipulated and agreed that the

Commissioner would pay Plaintiff the sum of $1,410.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, "in full satisfaction of any and all claims for attorney's fees under the EAJA," for work performed at the "federal court level." See ECF No. 23; ECF No. 25 (Pl.'s Mot.) at 2. Judge Freeman approved the fee award that same day. See ECF No. 24 (the "Stipulation and Order").

Following remand, the Commissioner found Plaintiff disabled and awarded past-due benefits, and the Social Security Administration ("SSA") withheld 25% of those benefits, in the amount of $20,562.00, in anticipation of an award of attorney fees for Plaintiff's counsel. See Pl.'s Mot. at 3, 4; ECF No. 25-1 (Notice of Award) at 5. Plaintiff filed the instant Motion for Attorney's Fees on March 28, 2022, requesting "approval of attorney fees in the amount of $1,410.00 for work performed at the *federal court level*." See Pl.'s Mot. at 2, 5 (emphasis added). Despite the Stipulation and Order, Plaintiff's attorney never received the EAJA fees for the work performed "in light of the U.S. Treasury offset on Plaintiff's award." See Pl.'s Mot. at 2 n.2; ECF No. 25-4 (EAJA Treasury Offset Letter). According to the Commissioner, "EAJA fees are paid directly to Plaintiff's counsel unless Plaintiff owes a debt that is subject to the Treasury Offset Program," and here, because "Plaintiff owed such a debt," his counsel did not receive any EAJA fees. See ECF No. 28 at 2.

Plaintiff's counsel asserts that the requested $1,410.00 fee would equate to a $200.00 hourly rate for 7.05 hours of work and is otherwise reasonable under § 406(b). See Pl.'s Mot. at 2-4; ECF No. 25-3 (Federal Court Time Sheet). On May 16, 2022, the Commissioner filed her response, "defer[ing] to the Court to determine the reasonableness of the requested fee." See ECF No. 28 at 3.[1] Plaintiff represented in his motion that the $1,410.00 sum, combined with the fee

---

[1] On March 31, 2022, the Commissioner requested an extension of time to respond to the instant motion (see ECF No. 26), which was granted on April 5, 2022.

separately requested under 42 U.S.C. § 406(a) "for work performed at the administrative level" (amounting to $14,438.25), results in a total fee of $15,848.25. See Pl.'s Mot. at 3-4; ECF No. 25-2 (Fee Petition). Thus, the request for fees falls below the 25% cap ($20,562.00) as prescribed by § 406(b) and the agreement entered into between Plaintiff and his counsel. See Pl.'s Mot. at 4; ECF Nos. 25-1, 25-2.

On August 10, 2022, Plaintiff informed the Court that the SSA authorized a fee for work performed at the administrative level in the amount of $12,548.25,[2] and that the SSA is currently withholding the balance of the 25% of Plaintiff's past-due benefits pending a determination by this Court as to the additional requested fee of $1,410.00. See ECF Nos. 29, 29-1 (Administrative Fee Authorization). Accordingly, pursuant to the fee arrangement with Plaintiff, which provided for a contingent fee to counsel of up to 25% of any past-due benefits (see ECF No. 25-2 at 8), counsel now seeks authorization from this Court for an award of $1,410.00, which represents only the fees for work performed at the federal court level (see ECF Nos. 25, 29). Contemporaneous time records show that Plaintiff's counsel, Jonathan R. Klee of Klee Woolf Goldman & Filpi, LLP, spent a combined 7.05 hours working on the federal action. See ECF No. 25-3. And as noted previously, the Commissioner does not object to the fee request. See ECF No. 28 at 3, 4.

## DISCUSSION

When a court renders a favorable judgment under 42 U.S.C. § 406(b) to a claimant who was represented by counsel, "the court may determine and allow as part of its judgment a reasonable fee for such representation." See 42 U.S.C. § 406(b). However, such fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). Factors relevant to the request for approval of attorney's fees are: "1)

---

[2] The total attorney's fees award sought is thus $13,958.25 ($1,410.00 + $12,548.25), not $15,848.25 as referenced in Plaintiff's initial motion and the Commissioner's response.

whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (citation omitted).

With regard to contingent fees, the law permits counsel to charge fees of up to 25% of the past due benefits so long as the fees are reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). A lodestar method, which considers whether the rate charged and time spent were reasonable, need not be employed if there is no reason to question the terms of the contingent-fee agreement between the lawyer and plaintiff or the character of the representation provided. Id. at 806-08. However, a fee is not automatically recoverable simply because it is equal to or less than 25% of the client's total past-due benefits. Id. at 807. Several factors are relevant to the reasonableness analysis, including: (1) "whether the contingency percentage is within the 25% cap"; (2) "whether there has been fraud or overreaching in making the agreement"; and (3) "whether the requested amount is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are: (1) "the character of the representation and the results the representative achieved"; (2) "the amount of time counsel spent on the case"; (3) whether "the attorney [was] responsible for any delay"; and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." Gisbrecht, 535 U.S. at 808.

Here, all factors weigh in favor of awarding the $1,410.00 fee requested by counsel. First, the total fee amount of $13,958.25 (the $1,410.00 EAJA award sought here combined with the $12,548.25 award separately authorized by the SSA) is not more than 25% of past-due benefits ($20,562.00). Moreover, the $1,410.00 specifically sought here, for work performed at the federal

4

court level, translates to an hourly rate of $200.00 based on 7.05 hours of attorney time spent on Plaintiff's social security case. See ECF No. 25-3. And, the hours expended are reasonable given the nature of the services provided by counsel. See id.

      Moreover, in light of the fee agreement between Plaintiff and his counsel, the requested fee, which is well below the 25% contingent-fee amount of $20,562.00, is not so large as to constitute a windfall to counsel. The de facto hourly rate of $200.00 is well within the rates considered reasonable in this Circuit. See, e.g., Fields v. Kijakazi, 24 F.4th 845, 856 (2d Cir. 2022) (finding the de facto hourly rate of $1,556.98 to be reasonable based on effective representation); Bates v. Berryhill, 2020 WL 728784 at *3 (S.D.N.Y. Feb. 13, 2020) (finding the de facto hourly rate of $1,506.32 was product of competent and efficient advocacy); Baron v. Astrue, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100.00 given efficient and impressive work from counsel). Further, there is no evidence of fraud or overreaching by counsel in procuring the contingent-fee agreement. Finally, counsel was not responsible for any delay in this case, and counsel provided effective representation, including obtaining the Commissioner's agreement to a remand that ultimately resulted in the award of benefits to Plaintiff.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for attorney's fees in the amount of $1,410.00 is **GRANTED**. The Social Security Administration should approve and effectuate a payment of $1,410.00 to Plaintiff's counsel. The Clerk of Court is respectfully directed to close the motion at ECF No. 25.

**SO ORDERED.**

DATED:   New York, New York
         August 18, 2022

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

All parties (via ECF)